# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessie M. Rodrigues, | Case No. 20-CV-0584 (WMW/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Probation, | |
| Respondent. | |

Over a decade ago, petitioner Jessie M. Rodrigues pleaded guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B) and was sentenced to an 84-month term of imprisonment with another 84 months of supervised release to follow. *See United States v. Rodrigues*, No. 06-CR-0068 (MJD/JSM). Mr. Rodrigues is now serving that term of supervised release. In his petition for a writ of habeas corpus, however, Mr. Rodrigues contends that the term of supervised release is unlawful because it exceeds the maximum term that could have been imposed by statute.[1] This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] After review, this Court concludes that it is

---

[1] Mr. Rodrigues refers to the illegality of his term of "probation," Petition at 1 [ECF No. 1], but in context, it is clear that Mr. Rodrigues is challenging the term of supervised release, not a probationary term.

[2] Although Mr. Rodrigues's petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

1

without jurisdiction to consider the petition. Accordingly, it is recommended that this matter be dismissed without prejudice.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959.

Mr. Rodrigues's petition is squarely foreclosed by the exclusive-remedy rule of § 2255(e). The habeas petition filed by Mr. Rodrigues raises a single claim: that the

sentence imposed in the earlier federal criminal proceedings was unlawful.  This is precisely the sort of challenge that must be raised in a motion brought pursuant to § 2255, not in a habeas corpus petition; it is a direct attack on the legality of a federal sentence.  And Mr. Rodrigues offers no reason to believe that § 2255 would have been inadequate or ineffective for him to challenge the legality of the term of supervised release.[3]  Accordingly, the savings clause does not apply to his petition, and it is recommended that this matter be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus of petitioner Jessie M. Rodrigues [ECF No. 1] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Date: March 23, 2020                                    s/ *Katherine Menendez*
                                                                        Katherine Menendez
                                                                        United States Magistrate Judge

---

[3] It is almost certainly too late for Mr. Rodrigues to now raise his challenge. *See* 28 U.S.C. § 2255(f).  But the fact that a motion under § 2255 would be barred by the statute of limitations does not render § 2255 inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000).

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).